UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SARA ASHLEY ISON, Plaintiff, | ) | |
| v. | ) | Case No. 1:26-cv-00225-ACL |
| STATE OF MISSOURI, et al., Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented plaintiff Sara Ashley Ison filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of her constitutional rights pertaining to an ongoing state criminal case, *State v. Ison*, Circuit Court of Stoddard County case no. 26SD-CR00273. [Doc. 1]. This matter is now before the Court on plaintiff's motion for leave to proceed *in forma pauperis* ("IFP motion") and for review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). After careful consideration of the record, the Court will grant the IFP motion, waive the filing fee, and dismiss the case.

**I. Legal Standard on Initial Review**

Pursuant to § 1915(e)(2)(B), any portion of a complaint that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from an immune defendant must be dismissed. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.*"* *Id.* (cleaned up). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up).

When reviewing a complaint filed by a self-represented person under § 1915, the Court accepts the well-pleaded facts as true. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Although *pro* se complaints are liberally construed, they must still contain sufficient facts to support the claims advanced, and the court will not assume facts not alleged. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

**II. The Complaint**

Plaintiff makes the following allegations in the complaint: State charges were filed against plaintiff on April 14, 2026. [Doc. 1 at ¶ 14]. In May 2026, plaintiff made written discovery requests. [*Id.* at ¶ 15]. In response, Prosecuting Attorney Smith stated that his office would provide discoverable material and directed plaintiff to Justin Allen, the Investigator for the prosecutor's office, for discovery-related requests. [*Id.* at ¶ 16]. Plaintiff emailed Assistant Prosecuting Attorney Dembowski and Allen regarding alleged discrepancies in the police report, chain-of-custody concerns, missing toxicology results, the BAC result, and the absence of dash-camera evidence. [*Id.* at ¶ 17]. The prosecutor's office later filed a motion requesting a trial setting, stating that all discovery had been

provided. [*Id.* at ¶ 32]. Plaintiff alleges that discovery remained in dispute and that she was seeking the complete toxicology/lab report and chain-of-custody records. [*Id.*].

On September 15, 2026, plaintiff appeared in person to file several motions, a jury trial request, and other documents. [*Id.* at ¶ 20]. She also emailed the court identifying the submissions and stating that she had obtained "file stamps." [*Id.*]. In response, she received an email stating that all filings had to be filed through counsel until the court ruled on a pending motion to withdraw. [*Id.* at ¶ 21]. Plaintiff stated she no longer had an attorney and insisted that her motions be filed. [*Id.*]

On September 21, 2026, plaintiff spoke with Circuit Clerk Yancy, who informed her that Judge Below had instructed Yancy not to file or place plaintiff's paperwork or motions on the docket pending a decision on October 8. [*Id.* at ¶ 22]. Two days later, plaintiff emailed the Stoddard County Court requesting service on Judge Below of a petition for a writ of prohibition/mandamus. [*Id.* at ¶ 23]. On the same date, a docket entry stated that the case would be taken up on October 8 for trial setting and other matters. [*Id.*].

On October 2, 2026, plaintiff emailed documents for filing. [*Id.* at ¶¶ 35, 36, 37]. In response, Yancy instructed plaintiff to send all filings to the Stoddard County Court's shared email address and stated that Judge Below's clerks would handle them. [*Id.* at ¶ 27, 38].

On October 4, 2026, plaintiff filed the instant lawsuit. Plaintiff names the following as defendants: the State of Missouri; Judge Leanne Below; Circuit Clerk Paula Yancy; Prosecuting Attorney John Sawyer Colton Smith; Assistant Prosecuting Attorney

Chase R. Dembowski; and the Investigator for the Prosecuting Attorney's Office, Justin Allen. Additionally, plaintiff names "John/Jane Does 1-5" as defendants. She asserts the following claims: Count I – Access to Courts/Procedural Due Process; Count II – Due Process Concerning Material Evidence; Count III – First Amendment Retaliation; and Count IV – Investigative/Discovery Conduct of Justin Allen. She does not identify any particular defendant(s) for Counts I, II, and III.

**III. Discussion**

It is common practice in § 1983 actions to stay civil proceedings arising from a pending criminal case until the final disposition of the criminal case. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Here, the Court finds that a stay is unnecessary because plaintiff's allegations fail to state a claim upon which relief may be granted, and because she seeks relief from defendants who are immune from suit. For the reasons stated below, the complaint will be dismissed.

***A. State of Missouri***

The Eleventh Amendment bars suits against a State and its agencies. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). Further, the State of Missouri is not a "person" for the purposes of a § 1983 claim. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the State of Missouri will be dismissed.

***B. Judge Leann Below***

Judges are absolutely immune from suit unless they act outside of their judicial capacity or in the clear absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Judicial immunity protects the finality of judgments, discourages inappropriate collateral attacks, and "protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). A judge is not deprived of immunity because an action was taken in error or in excess of authority. *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019). Further, judicial immunity applies "even when the judge is accused of acting maliciously." *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice").

Plaintiff's claims against Judge Below arise from actions taken in the performance of judicial duties during plaintiff's state court proceedings. Plaintiff alleges no facts showing that Judge Below acted outside her judicial capacity or without jurisdiction. Judge Below, acting as a judge in the Stoddard County Circuit Court, took judicial action pursuant to that court's jurisdiction under the Missouri Constitution. *See* Mo. Const. art V, § 14. Because Judge Below acted within her judicial capacity and within the court's proper jurisdiction, the claims against her are barred by immunity, and she will be dismissed.

***C. Circuit Clerk Paula Yancy***

Absolute quasi-judicial immunity applies to court clerks when they perform acts

closely related to the judicial function, unless the clerk acted in the clear absence of all jurisdiction. *Boyer v. Cnty. of Washington*, 971 F.2d 100, 102 (8th Cir. 1992). "Clerks of court have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction." *Rogers v. Bruntrager,* 841 F.2d 853, 856 (8th Cir. 1988).

Plaintiff alleges that multiple documents she submitted for filing were rejected. [Doc. 1 at ¶ 20-21]. She received a court email stating that all filings had to be filed through counsel until a pending motion to withdraw was ruled upon. [*Id*. at ¶ 21]. According to witness statements, Yancy stated that "Judge Below instructed her not to file or place plaintiff's paperwork or motions on the docket pending an October 8 decision." [*Id*. at ¶¶ 23, 26, 27, 28]. Additionally, Yancy instructed plaintiff to send all filings to the Stoddard County shared court email, which would route them to Judge Below's clerks for processing. [*Id*. at ¶ 27]. Plaintiff alleges that this "filing restriction" affected her ability to know whether documents were part of the official record and to obtain timely rulings. [*Id*. at ¶ 28].

Yancy is entitled to absolute quasi-judicial immunity for all acts taken at the direction of Judge Below and for acts that are part of the judicial process. As a result, the claims against Yancy are barred by immunity, and she will be dismissed.

### ***D. Prosecuting Attorney John Sawyer Colton Smith and Assistant Prosecuting Attorney Chase R. Dembowski***

Absolute immunity protects prosecutors against claims arising from initiating a prosecution and presenting a criminal case, even when vindictive prosecution is alleged.

*Imbler v. Pachtman*, 424 U.S. 409, 427–31 (1976) (holding that prosecutors are absolutely immune from § 1983 claims based on actions taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (holding that prosecutorial immunity extends even to allegations of vindictive prosecution).

The allegations against Smith and Dembowski involve actions taken in the prosecution of criminal charges against plaintiff. As a result, the claims against Smith and Dembowski are barred by immunity, and they will be dismissed.

***E. Investigator Justin Allen***

Smith designated Allen as the contact for discovery-related requests. [Doc. 1 at ¶¶ 11, 16, 30]. Plaintiff emailed Allen regarding "claimed police-record and evidence discrepancies … including chain-of-custody and toxicology issues." [*Id.* at ¶ 31]. After discovery was provided, plaintiff "continued to seek the complete toxicology/laboratory report and chain-of-custody records." [*Id.* at ¶ 32]. Plaintiff does not allege that Allen intentionally suppressed evidence; rather, she "seeks discovery concerning Allen's actual receipt, collection, review, transmission, disclosure, or handling of requested evidence and communications." [*Id.* at ¶ 33].

A complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* " Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Plaintiff does not attribute any specific misconduct to Allen, nor does she allege what Allen did or failed to do in violation of her constitutional rights. The complaint fails to state a claim against Allen and, therefore, he will be dismissed.

***F. John/Jane Does 1-5***

Similarly, the complaint is devoid of factual allegations to state a claim against John/Jane Does 1-5. "It is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). Plaintiff alleges that John/Jane Does 1-5 were involved in administrative, investigative, evidence-handling, discovery, or record-handling conduct. [Doc. 1 at ¶ 12]. She does not identify or attribute any specific conduct to John/Jane Doe 1, John/Jane Doe 2, John/Jane Doe 3, John/Jane Doe 4, or John/Jane Doe 5. Because she does not describe what each Doe defendant allegedly did or failed to do in violation of her constitutional rights, she fails to state a claim against the individual Doe defendants. For these reasons, John/Jane Does 1-5 will be dismissed.

## IV. Conclusion

For the reasons stated herein, the Court finds that the complaint fails to state a claim upon which relief can be granted and seeks relief from defendants who are immune from suit. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint must be dismissed. Because the Court is dismissing this matter, plaintiff's motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED** and the filing fee is **WAIVED**.

**IT IS FURTHER ORDERED** that the complaint, and this case in its entirety, is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 3] is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

**SO ORDERED** this 13th day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE